UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>354 Pool Street, Biddeford, ME 04005<br>VACANT REAL PROPERTY |
| **Gayle A. Pooler and Jo-Ann T. Roy** | Mortgage:<br>July 29, 2016<br>Book 17293, Page 499 |
| Defendants | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Gayle A. Pooler and Jo-Ann T. Roy, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendants, Jo-Ann T. Roy and Gayle A. Pooler, are the obligors and the total amount owed under the terms of the Note is One Hundred Seventy-Four Thousand One Hundred Seventy-Five and 15/100 ($174,175.15)

Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a Federally Chartered Corporation with its principal place of business located at 1100 15th Street NW, Washington, DC 20005 and therefore for diversity purposes is, by statute a resident of the District of Columbia.

5. The Defendant, Gayle A. Pooler, is a resident of Brunswick, County of Cumberland and State of Maine.

6. The Defendant, Jo-Ann T. Roy, is a resident of Biddeford, County of York and State of Maine.

## FACTS

7. On December 27, 2000, by virtue of a Warranty Deed from James S. Boudreau and Betty J. Boudreau, which is recorded in the York County Registry of Deeds in **Book 10374, Page 209**, the property situated at 354 Pool Street, City/Town of Biddeford, County of York, and State of Maine, was conveyed to Jo-Ann T. Roy, being more particularly described by the attached Exhibit A.

8. On July 28, 2016, by virtue of a Quitclaim Deed from Jo-Ann T. Roy, which is recorded in the York County Registry of Deeds in **Book 17293, Page 496**, the property situated at 354 Pool Street, City/Town of Biddeford, County of York, and State of Maine, was conveyed to Jo-Ann T. Roy and Gayle A. Pooler.

9. On October 15, 2020, by virtue of a Quitclaim Deed from Jo-Ann T. Roy and Gayle A. Pooler, which is recorded in the York County Registry of Deeds in **Book 18420, Page 462**, the property situated at 354 Pool Street, City/Town of Biddeford, County of York, and State of Maine, was conveyed to Jo-Ann T. Roy.

10. On July 29, 2016, Defendants, Jo-Ann T. Roy and Gayle A. Pooler, executed and delivered to Freedom Mortgage Corporation a certain Note under seal in the amount of $160,000.00. Defendants, Gayle A. Pooler and Jo-Ann T. Roy's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on July 29, 2016, Defendants, Gayle A. Pooler and Jo-Ann T. Roy, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Freedom Mortgage Corporation, securing the property located at 354 Pool Street, Biddeford, ME 04005 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 17293**, **Page 499**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 23, 2021, and recorded in the York County Registry of Deeds in **Book 18640**, **Page 579**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated May 19, 2021, and recorded in the York County Registry of Deeds in **Book 18672**, **Page 496**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated February 2, 2022, and recorded in the York County Registry of

    Deeds in **Book 18953**, **Page 554**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. On January 24, 2023, the Defendants, Gayle A. Pooler and Jo-Ann T. Roy, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Gayle A. Pooler and Jo-Ann T. Roy, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

17. The Defendants, Gayle A. Pooler and Jo-Ann T. Roy, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Federal National Mortgage Association, hereby certifies that it is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. The total debt owed under the Note and Mortgage as of March 3, 2023 is One Hundred Seventy-Four Thousand One Hundred Seventy-Five and 15/100 ($174,175.15) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $147,317.21 |
| Interest | $16,493.45 |
| Escrow Advance | $8,768.55 |
| Late Fees | $677.44 |
| Lender Paid Expenses | $917.50 |
| Grand Total | $174,175.15 |

22. Upon information and belief, the Defendants, Gayle A. Pooler and Jo-Ann T. Roy, are not presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 354 Pool Street, Biddeford, County of York, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendants, Gayle A. Pooler and Jo-Ann T. Roy, are presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2021, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of March 3, 2023 is One Hundred Seventy-Four Thousand One Hundred Seventy-Five and 15/100 ($174,175.15) Dollars.

29. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendants, Gayle A. Pooler and Jo-Ann T. Roy's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendants, Gayle A. Pooler and Jo-Ann T. Roy's, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, Gayle A. Pooler and Jo-Ann T. Roy, but only seeks *in rem* judgment against the property.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Gayle A. Pooler and Jo-Ann T. Roy, on January 25, 2023, evidenced by the Certificate of Mailing. *See* Exhibit G.

32. The Defendants, Gayle A. Pooler and Jo-Ann T. Roy, are not in the Military as evidenced by the attached Exhibit H.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendants, Gayle A. Pooler and Jo-Ann T. Roy's, discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendants, Jo-Ann T. Roy and Gayle A. Pooler, are in breach of the Note by failing to make payment due as of June 1, 2021, and all subsequent payments, however, as

affected by Defendants, Gayle A. Pooler and Jo-Ann T. Roy's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendants, Gayle A. Pooler and Jo-Ann T. Roy, but only seeks *in rem* judgment against the property;

d) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

e) Find that while the Defendants, Gayle A. Pooler and Jo-Ann T. Roy, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 354 Pool Street, Biddeford, ME 04005;

f) For such other and further relief as this Honorable Court deems just and equitable.

Dated: September 28, 2023

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

<u>/s/Reneau J. Longoria, Esq.</u>
Reneau J. Longoria, Esq. Bar No. 005746
John A. Doonan, Esq. Bar No. 003250
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com